IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 15-87 |
| | ) | Civil No. 16-1268 |
| | ) | Judge Nora Barry Fischer |
| EARL BRINSON, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

**SYNOPSIS**

In this matter, Defendant entered a plea of guilty to one Count of conspiracy to possess with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 846. Defendant was sentenced to a term of 120 months imprisonment, followed by a five-year term of supervised release. He did not take an appeal. Before the Court is Defendant's Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255, on grounds that counsel was ineffective for failing to seek a downward departure pursuant to U.S.S.G. § 5H1.4. For the following reasons, Defendant's Motion will be denied, and no certificate of appealability shall issue.

**OPINION**

**I. APPLICABLE STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962). A district court need not hold an

1

evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x. 402 (3d Cir. 2004). Pro se pleadings are to be construed liberally, and Defendant's submissions have been considered accordingly. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

## II.  DEFENDANT'S MOTION

Defendant contends that his counsel was ineffective for failing to seek a downward departure pursuant to U.S.S.G § 5H1.4, which addresses a defendant's physical condition. In particular, Defendant avers that his severe physical disability would have entitled him to a downward departure.

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689 (1984). "It is...only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989). The inquiry rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Strickland, 466 U.S. at 844.

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Failure to meet either prong of the analysis is fatal to a claim of ineffective assistance. Cherys v. United States, 552 F.

App'x. 162, 168 (3d Cir. 2014). Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Strickland, 466 U.S. at 689. Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Strickland, 466 U.S. at 695; see also Gray, 878 F.2d at 709-13. "Speculation and conjecture are insufficient to establish prejudice." United States v. Tilley, No. 6-222, 2011 U.S. Dist. LEXIS 15844, at *5 (W.D. Pa. Feb. 17, 2011).

Here, Defendant entered into a plea agreement that provided for a 120-month term of imprisonment which was also the mandatory minimum penalty for the offense of conviction. See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 846. The plea was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C), which provides that a specific, agreed-upon sentence is binding on the Court once it accepts the plea agreement. The transcript of Defendant's plea colloquy is not of record. Nonetheless, it is apparent from the Court's files that Defendant, at his September 29, 2015 change of plea hearing, acknowledged understanding the charges and his rights, application of the sentencing guidelines, and the ramifications of his guilty plea. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, Defendant does not challenge his plea on voluntariness or other grounds.

"[B]ecause of the mandatory nature of the 11(c)(1)(C) plea, at the sentencing hearing — where motions for downward departure are properly heard — counsel was precluded from making any arguments that Petitioner warranted a downward departure." United States v. Clark, 2016 U.S. Dist. LEXIS 45163 (E.D. Pa. Mar. 31, 2016). Therefore, counsel's conduct did not fall below applicable standards, and there is no reasonable probability that the outcome would

have been altered had counsel acted differently.  Defendant cannot prevail on either prong of Strickland.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."   Here, Defendant has not made such a showing, and no certificate of appealability shall issue.

### CONCLUSION

In sum, Defendant has not demonstrated that counsel's conduct either was deficient or caused him prejudice under applicable standards.   His Motion will be denied, and no certificate of appealability shall issue.   An appropriate Order follows.

### ORDER

AND NOW, this 2nd day of December, 2016, Defendant's Motion to Vacate [ECF No. 1579] is DENIED.   No certificate of appealability shall issue.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc/ecf:  All counsel of record.

Earl Brinson
USMS 35705068
Medical Center Federal Prisoners
PO Box 4000
Springfield, MO 65801

4